**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 06-CV-275-GFVT

ANTHONY GONCALVES                                                                                  PETITIONER

VS:                              **MEMORANDUM OPINION AND ORDER**

ALBERTO GONZALES, U.S. ATTORNEY GENERAL, et al.                      RESPONDENTS

**** **** **** ****

Anthony Goncalves, an individual currently incarcerated in the United States Penitentiary-Big Sandy ("U.S.P.-Big Sandy") in Pine Knot, Kentucky, has filed the instant *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, and has recently paid the district court filing fee.

The petition is now before the Court for screening.[1]  28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

RESPONDENTS

The petitioner names four respondents:  (1) U.S. Attorney General Alberto Gonzales; (2) Federal Bureau of Prisons ("BOP") Regional Counsel Richard W. Schott in Lexington,

---

[1] This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner.  *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

Kentucky; (3) BOP Director Harley Lappin; and (4) Brian Patton, Warden at U.S.P.-Big Sandy.

## CLAIMS

The petitioner claims that the respondents have no authority to hold him in custody pursuant to 8 U.S.C. §§3621-4081, *et seq.*, because Public Law 80-772 was "never voted into law by the Senate during any session of the 80th Congress." Therefore, the law with regard to federal places of imprisonment is "unconstitutional and void ab initio."

## ALLEGATIONS

Goncalves' original petition is a twenty-page handwritten document with attachments, and two weeks later, he also submitted 16-page typed, amended petition with even more attachments. The Court considers them together as a petition amended as of right. Record Nos. 2, 4.

Both documents contain lines (*i.e.*, blank spaces) which Goncalves has filled in. On the first pages, he has handwritten his name and identified this Court in the caption. On another page in each, the petitioner fills in "July/19/2001" as the applicable date when he "was seized by F.B.O.P. agents operating under its director, without constitutional authority to execute any sentencing orders under the jurisdiction of Pub.Law 80–772." And finally, on the last pages, he signs his name and provides a certificate of service of the petitions the U.S. Attorney General, and additionally, in the original petition, on Respondent Schott, and in the amendment, on Director Lappin.

The contents of the instant petitions are virtually identical to each other and to predecessor petitions filed in this Court. *See Watford v. U.S. Attorney General*, Lexington No. 06-CV-328-JMH; *Hall v. Gonzales*, Pikeville No. 07-CV-006-GFVT; and *Juarez v. Davis*,

Pikeville No. 07-CV-012-GFVT.  All of these petitions read like an old, rambling treatise, which the Court continues to find totally nonsensical.  The argument seems to be that the full Congress did not pass the challenged statutes regarding BOP imprisonment in its 1948 session, and thus any incarceration in the custody of the BOP is illegal.

Attached to all of these petitions is a list of exhibits identified as A - P and the exhibits themselves, presumably in support of his petition, but not clearly so.  These include copies of bills, pages from the Federal Register, Legislative Session minutes, portions of the Congressional Record, and excerpts from textbooks.  One is a June 28, 2000 letter from House Clerk Jeff Trandahl to a Charles Degan.  It is in response to an inquiry "requesting information on Title 18."  Mr. Trandahl writes, "Congress was in session on June 1, 3, 4, 7-12 and 14-19, 1948, however, Title 18 was not voted on at this time.  As you may know, Title 18 covers 845 pages in the U.S. Code and this wording was developed over many years...."

As to the relief sought, the petitioner asks, *inter alia*, that the Court (1) declare Public Laws 80-772 and 80-773 and all revisions thereto unconstitutional and void ab initio; and (2) "issue a writ of habeas corpus immediately discharging your petitioner from all places owned, operated and controlled by the U.S. Department of Justice."

## DISCUSSION

As afore-referenced, the Court is familiar with the presentment of the instant petition, the arguments therein, and even the attached exhibits, because virtually identical petitions have been previously filed in this Court by U.S.P.-Big Sandy prisoners.  To date, all of these petitions have been dismissed, *sua sponte*, upon screening, and the current petition will be no exception.

As the undersigned concluded in the memorandum opinion and orders dismissing Watford and Hall, each petitioner

> has apparently taken a line from a legislative clerk's June 28, 2000, letter to someone else and extrapolated a theory that because Title 18 was not voted on during Congress's June 1948 session, then that Title and all that revisions which flowed thereafter are void, and the various parts of the Department of Justice have no authority to hold him. He cites no authority so invalidating Title 18. Nor did he raise this unique argument on his direct appeal or, apparently, in his earlier §2255 and §2241 motions.
>
> While the Courts are often criticized for using "legal mumbo jumbo" unnecessarily or excessively, it is the instant petitioner who has exceeded all bounds of the language this time.

Watford, Record No. 10.

In the case *sub judice*, Petitioner Goncalves has apparently done the same thing. Perhaps he has little facility with the English language and does not understand what he has signed. Or perhaps another prisoner at U.S.P.-Big Sandy has been selling these petitions to the unwary. The end result is the same: after the prisoner submits the petition and has paid $5.00 filing fee, the Court dismisses the petition summarily.

Upon screening, as has happened in the other cases, this Court finds several bases for dismissal of the instant action. One is the petitioner's failure to abide by Rule 8 of the Federal Rules of Civil Procedure, which requires that "each averment of a pleading shall be simple, concise and direct." Fed.R.Civ.P. 8(e). Nothing in the instant petition has complied with this requirement. To the contrary, the petitioner has regaled the Court with lengthy antiquated language and extraneous documents (some of which appear to relate to his claims, but some of which do not). He has submitted no facts--no information about his crime or the sentence from which he seeks release.

The Court fully recognizes that a *pro se* pleading should be held to a less stringent standard than that submitted by an attorney and should be construed as alleging all fairly and reasonably inferred claims. *See e.g.*, *Haines v. Kerner,* 404 U.S. at 520. However, Federal Rule of Civil Procedure 8, at subsections (a) and (e), imposes limits on the degree of "less stringency" or liberality which is required.

Consistent therewith, "[a] district court may dismiss [with prejudice] an action for a *pro se* party's failure to comply with Rule 8(a) and (e), provided that meaningful, less drastic alternatives have been explored." *O'Leary v. Raley*, 902 F.2d 1579, 1990 WL 66489 (9th Cir. (Cal.) May 18, 1990) (citing *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981)); *see also Finklea v. United States*, 2001 WL 103005 (S.D.Ala. 2001). *See also Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 786 (N.D. Texas, Sept. 19, 2000).

An alternative resolution for a pleading which consists of a "morass of garbled text" and is filled with unconnected facts and legalese, is dismissal of the action without prejudice, so as to afford the litigant the opportunity to re-file a lawsuit if that is appropriate. *Id*. The Court will choose this resolution of the instant cause of action. Hopefully, this petitioner will learn not to submit pre-packaged petitions and will hereafter stick to the facts and the law of his case. "'It is not the Court's place to speculate or imagine what the plaintiff's claims may be.'" *Id.* at 785 (citing *Martin v. United States Post Office*, 752 F.Supp. 213, 218 (N.D. Texas 1990)).

Even if the initial submissions herein made more sense and posed a valid challenge to the BOP's authority to imprison the petitioner, still Goncalves' petition for relief from service of his sentence would not be properly before this Court pursuant to 28 U.S.C. §2241. To the extent that he challenges the execution of his sentence, a matter usually brought pursuant to 28 U.S.C.

5

§2241, his claim that the BOP's authority to hold him is flawed has not been raised with the BOP first, administratively, as is required by law. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they `exhaust their administrative remedies in accordance with Bureau of Prisons policy . . . .'")

The administrative remedies available to inmates confined in Bureau of Prisons institutions are set out at 28 C.F.R. §§542.10-.19 (1998). Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden. *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel. *See* §542.15.

As he has failed to show that he exhausted the topics herein by appealing to all levels of the BOP, Petitioner Goncalves is not properly before this Court to challenge the execution of his sentence. Exhaustion of administrative remedies prior to filing a petition for writ of habeas corpus is not a pointless exercise. The exhaustion process prepares a record for this Court to review. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980).

To the extent that the petitioner means to attack the trial court's judgment committing him to the custody of the BOP on July 19, 2001, he is barred from using this Court's §2241

jurisdiction to challenge the criminal judgment of another district court, unless he can prove that his remedy by a §2255 motion to the trial court to vacate, alter, or amend the judgment is inadequate or ineffective to challenge the legality of his detention. *See* 28 U.S.C. §2255, ¶ 5; *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

Goncalves' instant challenge to his 2001 commitment to the BOP for service of his sentence is a claim that, under the petitioner's own allegations, purportedly arose in 1948. Therefore, he could have raised the claim when sentenced in 2001, on a direct appeal of that sentence, or via a §2255 motion still later. His presumably having had opportunities to assert the claim earlier and having failed to either allege or demonstrate that a timely motion pursuant to §2255 was inadequate or ineffective to bring the claim, he may not proceed under §2241.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)   Petitioner Anthony Goncalves' petition for writ of habeas corpus is **DENIED**.

(2)   This action shall be **DISMISSED**, *sua sponte*, from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondents.

This the 26th day of February, 2007.



**Signed By:**
*Gregory F. Van Tatenhove*
**United States District Judge**